# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

| | | |
|---|---|---|
| JOE HESTER, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:19-CV-00165-RWS |
| | § | |
| | § | |
| v. | § | |
| | § | |
| WARDEN FCI TEXARKANA, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## ORDER

Petitioner Joe Hester, a prisoner confined at the Federal Correctional Institution in Texarkana, Texas, proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court referred this matter to the Honorable Caroline Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge recommends dismissing the petition for writ of habeas corpus.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge (Docket No. 6), along with the record, pleadings and all available evidence. The petitioner filed objections to the Report and Recommendation of United States Magistrate Judge. Docket No. 11.

The Court has conducted a de novo review of the objections in relation to the pleadings and the applicable law. *See* Fed. R. Civ. P. 72(b). After careful consideration, the Court concludes the objections are without merit.

The petitioner argues that his sentence was excessive, and that the trial court erred by applying the career offender enhancement under § 4B1.1 of the United States Sentencing

Guidelines. The petitioner also alleges the trial court improperly amended the indictment by instructing the jury on a constructive possession theory. Finally, the petitioner contends that his conviction for possession of a firearm by a felon is invalid in light of the United States Supreme Court's ruling in *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019), because the Government only proved constructive possession of the firearm, not actual possession.

The petitioner's claims do not challenge the manner in which the petitioner's sentence is being executed or calculated by the Bureau of Prisons. Rather, the petitioner attacks the legality of his conviction and the sentence as imposed. A claim challenging the legality of a conviction or sentence generally must be brought under 28 U.S.C. § 2255, not § 2241. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). A prisoner may utilize § 2241 as a vehicle for attacking a conviction or sentence if it appears the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

The petitioner contends that a § 2255 motion is inadequate and ineffective to test the legality of his conviction and sentence. The United States Court of Appeals for the Fifth Circuit has recognized only one circumstance in which a motion to vacate filed under § 2255 is inadequate to test the legality of a prisoner's detention. This Court is bound by circuit precedent, which holds that the savings clause of § 2255(e) allows a petitioner to proceed under § 2241 if: (i) the claim is based on a retroactively applicable United States Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) the claim was foreclosed by circuit law at the time when it should have been raised at trial, on direct appeal, or in a first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). As the magistrate judge concluded, the petitioner failed to meet either prong of the *Reyes-Requena* test.

The petitioner's claims concerning the sentencing guidelines, an excessive sentence and an improper amendment of the indictment do not demonstrate that he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*. Additionally, these grounds for review are not based on a retroactively applicable Supreme Court decision, and they were not foreclosed at the time of trial and sentencing. Therefore, the petitioner may not pursue his claims concerning his convictions or sentence in a habeas petition filed pursuant to § 2241.

The petitioner also argues that, in light of a recent Supreme Court case, he is actually innocent of being a felon in possession of a firearm. In *Rehaif*, the Supreme Court held that, in addition to proving that the defendant knowingly possessed a firearm, the Government must prove that the defendant knew he belonged to a category of persons who are barred from possessing a firearm. *Id.* at 2200. The decision does not establish that the petitioner may have been convicted of a nonexistent offense; it only establishes the Government's burden of proof in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2). Further, *Rehaif* does not apply to the petitioner's case because he alleges the Government failed to prove the possession element of the offense, not the status element at issue in *Rehaif*. Therefore, this claim does not meet the requirements set forth in *Reyes-Requena*.

Accordingly, the petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the Report and Recommendation of the Magistrate Judge is **ADOPTED**. It is therefore

**ORDERED** that this petition for writ of habeas corpus is **DISMISSED**.

**SIGNED this 25th day of May, 2021.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE